UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS G. SANCHEZ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>S. FRAUENHEIM,<br><br>　　　　　　Respondent. | No. 1:15-cv-01756-DAD-SKO HC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**<br><br>**(Doc. 1)** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The undersigned recommends that the Court dismiss the petition with leave to amend to permit Petitioner to address the lack of organization of his petition and to present more specific and detailed claims.

**I.  Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears

1

that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II. Procedural Background

On August 23, 2013, a jury in the Tulare County Superior Court convicted Petitioner of committing a lewd act with a child. On August 30, 2013, the state court sentenced Petitioner to forty years in prison.

Due to the disorganized state of the petition and its exhibits, the Court is uncertain about the post-conviction actions in state court. The petition refers to the California Court of Appeal's rejection of Petitioner's direct appeal but provides no date of disposition. An incomplete portion of a habeas petition to the Supreme Court is included in the record, but the petition itself includes no specific information regarding any petition to the California Supreme Court. The petition also includes vague statements that appear to concede that the claim is not exhausted.

## III. Disorganized Petitions and Exhibits

The petition and its exhibits arrived at the court in a disorganized form. Portions of at least two petitions, one bearing a caption identifying the California Supreme Court and another bearing a caption identifying this court are interspersed within 96 pages of briefs, exhibits and transcripts. The undersigned cannot reliably determine the nature of the petition being presented to it nor confidently sort out the various exhibits. Accordingly, it is recommended that the Court dismiss the petition with leave to amend to permit Petitioner to submit an organized petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254, followed first by the statement of points and authorities, should Petitioner elect to include one, and then by those materials intended to function as exhibits to the federal petition.

Petitioner should also ensure that he has completed all questions set forth on the federal form of petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254. This will enable the

Court to understand the underlying procedural history and other information necessary in addressing the petition.

### IV.     Vague Claim

To the extent that the undersigned can determine, the petition includes a single claim: "violation of the federal constitution and ineffective assistance of counsel." Doc. 1 at 60. As supporting facts, the petition states: "my public defender refu[sed] to show the pro[oof] that I had or allow me to cross-examine the victim." *Id.* The claim appears to contemplate a claim of ineffective assistance of counsel as well as one or more additional constitutional claims. The brevity of the statement and the lack of detail make it impossible for the undersigned to comprehend the nature of Petitioner's claim.

Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The undersigned recommends that the Court dismiss the petition with leave to amend to allow Petitioner to state his claims with more specificity, to set forth briefly the factual basis for each claim, and to indicate which exhibit(s), if any, relate to a specific claim.

### IV.     Conclusion and Recommendation

The undersigned RECOMMENDS that the Court DISMISS the petition with leave to amend and grant Petitioner thirty (30) days to amend the petition from the date on which the Court adopts these findings and recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

3

within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 30, 2015**                        **/s/ Sheila K. Oberto**
                                                                               UNITED STATES MAGISTRATE JUDGE