UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS G. SANCHEZ,<br><br>         Petitioner,<br><br>    v.<br><br>S. FRAUENHEIM,<br><br>         Respondent. | No.  1:15-cv-01756-DAD-SKO  HC<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITH LEAVE TO AMEND WITHIN 30 DAYS**<br><br>**(Doc. 10)** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 19, 2015, he filed an original petition, consisting of 96 pages.  After an initial screening of the petition, the Magistrate Judge filed findings and a recommendation to dismiss the original petition with leave to amend, which the Court adopted on March 8, 2016.  The Magistrate Judge wrote:

> Due to the disorganized state of the [federal] petition and its exhibits, the Court is uncertain about the post-conviction actions in state court.  A statement in the [federal] petition refers to the California Court of Appeal's rejecting Petitioner's direct appeal but provides no date of disposition.  A incomplete portion of a habeas petition to the [California] Supreme Court is included in the record, but the [federal] petition itself includes no specific information regarding any petition to the California Supreme Court.  The

///

1

> [federal] petition also includes vague statements that appear to concede that the claim is not exhausted.

Doc. 7 at 2.

The Magistrate Judge continued to describe what was wrong with the petition and how Petitioner should amend it:

> The petition and its exhibits arrived at the Court in completely disorganized form. Portions of at least two petitions, one bearing a caption identifying the California Supreme Court and another bearing a caption identifying this court are interspersed within 96 pages of briefs, exhibits, and transcripts. Because the undersigned cannot reliably determine the nature of the petition being presented to it nor confidently sort out the various exhibits, the undersigned recommends that the Court dismiss the petition with leave to amend to permit Petitioner to submit an organized petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254, followed first by the statement of points and authorities, should Petitioner elect to include one, and then by those materials intended to function as exhibits to the federal petition.
>
> In addition, Petitioner should ensure that he has completed all questions set forth on the federal form of petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254. This will enable the Court to understand the underlying procedural history and other information necessary in addressing the petition.

Doc. 7 at 2-3.

Finally, the Magistrate Judge explained that the claim, to the extent that she could discern it, was vague and would require dismissal if it was not amended to include sufficient factual detail to support Petitioner's claim:

> To the extent that the undersigned can determine, the petition includes a single claim: "violation of the federal constitution and ineffective assistance of counsel." Doc. 1 at 60. As supporting facts, the petition states: "my public defender refu[sed] to show the pr[oof] that I had or allow me to cross-examine the victim." *Id.* The claim appears to contemplate a claim of ineffective assistance of counsel as well as one or more additional constitutional claims. The statement's brevity and lack of detail make it impossible for the undersigned to understand what Petitioner intended to claim.
>
> Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The undersigned recommends that the Court dismiss the petition with leave to amend to allow Petitioner to state his claims with more specificity,

///

> to set forth briefly the factual basis for each claim, and to indicate which exhibit(s), if any, relate to a specific claim.

Doc. 7 at 3.

On May 12, 2016, Petitioner filed the first amended petition for writ of habeas corpus, a three-page document that omitted all of the supplementary material provided in the original petition. Although the findings and recommendations explicitly outlined what needed to be included in the petition to allow it to go forward, Petitioner made no apparent effort to comply with the Court's directions. He neither completed the form petition nor clearly articulated one or more claims and the factual basis of each.

Petitioner appears to assume that the Court will appoint counsel on his behalf if he fails to complete the form petition. His confidence in that strategy is misplaced. In habeas proceedings, no absolute right to appointment of counsel currently exists. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). Although a court may appoint counsel at any stage of the case "if the interests of justice so require" (18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases), the Court is unable to determine whether appointment of an attorney would be beneficial in this case since Petitioner has failed to make a good faith effort to comply with the Court's direction regarding amendment of his petition.

The Court will dismiss the first amended petition and provide Petitioner with one additional opportunity to file an amended petition. For this action to proceed, Petitioner must complete and submit the Court's form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By completing the form to the best of his ability, Petitioner will accomplish two things. First, by fully and carefully responding to each question concerning his trial, and any subsequent appeal(s) or state habeas proceeding(s), he will enable the Court to determine the procedural

3

status of his case and whether the state court proceedings required before a federal district court can consider a habeas petition have happened.  Second, listing each ground for relief (claim) and the facts supporting it will allow the Court to determine whether Petitioner has federal constitutional claims that this Court can address.

        Accordingly, it is hereby ORDERED:

1. The first amended petition for writ of habeas corpus (Doc. 10) is dismissed.

2. Within 30 days of the date of this order, Petitioner may submit a second amended petition, consisting of a fully completed form for petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner shall sign the petition under penalty of perjury on the provided signature line.  Petitioner may attach a memorandum of applicable law and any exhibits that support or illuminate the information set forth on the form petition so long as the memorandum or exhibits are organized and labelled.

3. The Clerk of Court is directed to append to this order a form for petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

4. If Petitioner fails to file a second amended petition within thirty days of the date of this order, the undersigned will recommend that the District Court dismiss the petition for failure to prosecute.

IT IS SO ORDERED.

Dated:  **July 8, 2016**　　　　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE